IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| TIMOTHY LEE KOPPENHAVER and | : | BANKRUPTCY NO.: 5-15-bk-01165-JJT |
| VICTORIA LOUISE KOPPENHAVER, | : | {**Nature of Proceeding**: Motion for |
| | : | Modification of Plan Post-Confirmation |
| | : | (Doc. #35)} |
| DEBTORS | : | |

# OPINION

Under current consideration is a Motion by the Debtors, Timothy and Victoria Koppenhaver, to modify a confirmed Chapter 13 plan. An Objection to that Motion has been filed by Riverview Bank. Riverview holds a mortgage that was stripped down by the original confirmed plan. The hearing on this Motion was brief and centered around argument on facts that appear not to be in dispute. Riverview holds a mortgage secured solely by real property that is the Debtors' principal residence. As such, the rights of this mortgagee cannot be modified pursuant to the provisions of 11 U.S.C. § 1322(b)(2). Despite that prohibition, and absent an objection by the mortgagee, the confirmed plan "stripped" the mortgage to the value of the property set forth in the plan. To the Debtors' chagrin, liquidation of other real estate designed to fund the plan did not occur, and so the Debtors, through this current Motion, are attempting to modify the confirmed plan under § 1329 to increase the regular monthly payment so as to make up the shortfall. Riverview now objects. Riverview's position is that "once the Debtors seek to file an Amended Plan, the Movant has standing to object to the Plan which again fails to offer adequate protection for the first Mortgage held by Riverview Bank." Doc. #45, Riverview Brief at 2.

[K:\Cathy\Opinions-Orders filed 2016\5-15-bk-01165-JJT_Koppenhaver.pdf]

Case 5:15-bk-01165-JJT    Doc 47    Filed 07/06/16    Entered 07/06/16 15:07:14    Desc
Main Document      Page 1 of 3

I will initially note that § 1329(b)(1) of the Bankruptcy Code requires that modifications comply with § 1322(a) et. al. Section 1322(a) restricts modification to property other than residential property representing the only collateral. Nevertheless, the pivotal factor here is that the die has been cast. Controlling case law has made clear that confirmation alters the rights of the parties. Even in the face of an improvident provision in a plan, it has been stated that "a confirmation order is *res judicata* as to all issues decided or which could have been decided at the hearing on confirmation." *In re Szostek*, 886 F.2d 1405, 1408 (3rd Cir. 1989). In similar fashion, twenty years later our Supreme Court affirmed that "[t]he Bankruptcy Court's order confirming [Debtor's] proposed plan was a final judgment." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269, 130 S. Ct. 1367, 1376, 176 L. Ed. 2d 158 (2010). Both these authorities considered the plight of a creditor who failed to object to a plan that compromised its bankruptcy rights. Both outcomes were the same. The creditor was out of luck.

The specific question in this case is whether Debtors' attempt to modify the plan reopens the creditor's option to challenge the "confirmability" of the plan. In my opinion the answer is no. Post confirmation modifications are strictly limited to four discrete circumstances. 11 U.S.C. § 1329(a). There is no statutory suggestion that § 1329 is the equivalent of Federal Rule of Bankruptcy Procedure 9024 or an appeal to the District Court, allowing for a post judgment alteration of a final adjudication. I hold that Debtors' request to increase the monthly payment in order to fulfill the financial requirements of the plan does not offer the Objector an opportunity to relitigate those issues that were heretofore waived by its failure to object. As was cogently pointed out in the case of *In re Ruti–Sweetwater, Inc.*, 836 F.2d 1263 (10th Cir. 1988), cited with approval in *In re Szostek*,

> to hold otherwise would be to endorse the proposition that a creditor may sit idly by, not participate in any manner in the formulation and adoption of the plan in reorganization and thereafter, subsequent to the adoption of the plan, raise a challenge for the first time. Adoption of (this) approach would effectively place all reorganization plans at risk in terms of reliance and finality.

*In re Szostek*, 836 F.2d at 1266.

My Order will follow.

By the Court,

Date: July 6, 2016

John J. Thomas, Bankruptcy Judge

(CMS)

[K:\Cathy\Opinions-Orders filed 2016\5-15-bk-01165-JJT_Koppenhaver.pdf]   3